**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **GINA GRACE C.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil No. TMD 19-865** |
| **v.** | * | |
| | * | |
| | * | |
| **ANDREW M. SAUL,** | * | |
| **Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.**[1] | * | |
| | ************ | |

**MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Gina C. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her applications for disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 15), Defendant's Motion for Summary Judgment (ECF No. 19), and Plaintiff's Response to Defendant's Motion for Summary Judgment (ECF No. 20).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

reasons that follow, Defendant's Motion for Summary Judgment (ECF No. 19) is **GRANTED**, Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

# I

## Background

On February 5, 2018, Administrative Law Judge ("ALJ") David S. Pang held a hearing in Baltimore, Maryland, where Plaintiff and a vocational expert ("VE") testified. R. at 33-56. The ALJ thereafter found on May 2, 2018, that Plaintiff was not disabled from her alleged onset date of disability of February 15, 2015, through the date of the ALJ's decision. R. at 9-31. In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since February 15, 2015, and that she had severe impairments. R. at 14-15. She did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1, including § 1.04. R. at 15-17. In comparing the severity of Plaintiff's mental impairments to the listed impairments, the ALJ found that Plaintiff had a moderate limitation in concentrating, persisting, or maintaining pace. R. at 16.

The ALJ then found that Plaintiff had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with the following additional limitations: [Plaintiff] can frequently handle and finger; she can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; she can occasionally stoop, kneel, crouch, and crawl; she is limited to simple, routine, and repetitive tasks; and she can have frequent interaction with supervisors, co-workers, and the general public. [Plaintiff] requires a sit and stand option with the ability to change position every half hour at the workstation and [Plaintiff] will not be off-task when changing position.

R. at 17.³  In light of this RFC and the VE's testimony, the ALJ found that, although she could not perform her past relevant work as a cashier, bakery worker, and housekeeper, Plaintiff could perform other work in the national economy, such as a ticket taker, information clerk, or retail sales attendant.  R. at 23-25.  The ALJ thus found that Plaintiff was not disabled from February 15, 2015, through May 2, 2018.  R. at 25.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on March 22, 2019, a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case then was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

## II

### Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the

---

³ "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b).  "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[4]

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment.  If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience.  20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4).  RFC is a measurement of the most a claimant can do despite his or her limitations.  *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources."  20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).  The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations.  *See id.*  If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled.  *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age,

education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir.

1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

Plaintiff contends that remand is warranted because the ALJ failed to comply with *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). Pl.'s Mem. Supp. Mot. Summ. J. 9-20, ECF No. 15-2. She also argues that the ALJ erred at step three of the sequential evaluation process by failing to evaluate properly whether her impairments met or equaled 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.04A ("Listing 1.04A"). *Id.* at 20-30. For the following reasons, Plaintiff's arguments are unavailing.

**A.      Listing 1.04A**

Turning first to Plaintiff's argument regarding the ALJ's step-three analysis of Listing 1.04A, she contends that "the ALJ's step-three determination that [she] did not meet or medically equal Listing 1.04A is not supported by substantial evidence because treatment records directly refute the ALJ's factually inaccurate and uncorroborated conclusions." *Id.* at 25. "The Social Security Administration has promulgated regulations containing 'listings of physical and mental impairments which, if met, are conclusive on the issue of disability.' A claimant is entitled to a conclusive presumption that he is impaired if he can show that his condition 'meets or equals the listed impairments.'" *Radford*, 734 F.3d at 291 (citation omitted); *see* 20 C.F.R. pt. 404, subpt.

P, app. 1. "In order for a claimant to show that an impairment meets or equals a listed impairment in Step 3, she must demonstrate that her impairment meets all the specified criteria in the relevant listing." *Jones v. Berryhill*, 681 F. App'x 252, 254-55 (4th Cir. 2017) (per curiam) (citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)). "However, the claimant need not show that all the listed symptoms were present simultaneously." *Id.* at 255 (citing *Radford*, 734 F.3d at 293-94). "Instead, a claimant must show only that each of the listed symptoms are documented in the record, and that the impairment is expected to last continuously for at least 12 months." *Id.* (citing *Radford*, 734 F.3d at 294).

> To satisfy the requirements of Listing 1.04A, a claimant must show a disorder of the spine resulting in compromise of a nerve root or the spinal cord, with "[1] neuro-anatomic distribution of pain, [2] limitation of motion of the spine, [3] motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, [4] if there is involvement of the lower back, positive straight-leg raising test."

*Id.* (quoting 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.04A).

The ALJ found that "there is no evidence of the necessary nerve root impingement, motor loss, or a positive straight leg raise test in both [sitting and supine] positions." R. at 15. The record of Plaintiff's positive straight-leg-raise testing to which Plaintiff points does not indicate that the test was performed in both the sitting and supine positions as required by Listing 1.04A (R. at 657, 1059, 1062, 1067). *See Helene C. v. Comm'r, Soc. Sec. Admin.*, Civil No. DLB-18-2938, 2019 WL 7370353, at *4 (D. Md. Dec. 31, 2019), *reconsideration denied*, Civil No. DLB-18-2938, 2020 WL 1694491 (D. Md. Apr. 7, 2020); 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.04A (requiring claimant to show, "if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)"). Because Plaintiff has not shown that Listing 1.04A is met, any error in the ALJ's Listing 1.04A analysis is harmless. *See Helene C.*, 2019 WL 7370353, at *4. Remand on this ground is thus not warranted.

B.     **Plaintiff's Moderate Limitation in Concentrating, Persisting, or Maintaining Pace**

Plaintiff also maintains that, contrary to *Mascio*, "the ALJ did not impose any RFC restriction to address [her] moderate difficulties maintaining concentration, persistence or pace, and did not explain the reasons for the omission." Pl.'s Mem. Supp. Mot. Summ. J. 11-12, ECF No. 15-2. "As the ALJ did not include a limitation to account for Plaintiff's moderate difficulties sustaining concentration, persistence and pace, he was required to explain why including this limitation was unnecessary." *Id.* at 15.

Social Security Ruling[5] 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio*, 780 F.3d at 636 (alteration in original) (footnote and citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

The Fourth Circuit further held in *Mascio* that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* The court in *Mascio* remanded the case for the ALJ to explain why the claimant's moderate limitation in concentration, persistence, or pace at step three did not translate into a limitation in the claimant's RFC. *Id.* The Fourth Circuit, however, "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). Rather, when "medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in

concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id.* (quoting *Winschel*, 631 F.3d at 1180).

Here, the ALJ found that Plaintiff had a moderate limitation with regard to concentrating, persisting, or maintaining pace. R. at 16. The ALJ explained: "[Plaintiff] reported difficulties maintaining concentration and focus. However, [Plaintiff's] attention [was] intact and [she] was able to perform serial seven testing. Moreover, [Plaintiff's] attention and concentration were normal. [Plaintiff's] thought processes were spontaneous and her cognition was intact." R. at 16 (citations omitted). "Based on these facts and the evidence discussed below [in the ALJ's decision], [Plaintiff] has a moderate limitation in concentrating, persisting, or maintaining pace." R. at 16. The ALJ then found that the evidence of record did not support greater restrictions than those provided in the ALJ's assessment of Plaintiff's RFC, explaining at length the findings in the evidence of record regarding her mental status. R. at 19-22. The ALJ found that these findings supported the RFC assessment "in that the combination of [Plaintiff's] impairments, with associated symptoms, limit [her] to simple, routine and repetitive tasks, and she can have frequent interaction with supervisors, co-workers, and the general public. However, greater restrictions are not warranted by the evidence of record." R. at 21. The ALJ gave significant weight to the opinion of Robert Hodes, Ph.D., the state agency medical consultant who opined that Plaintiff could, among other things, sustain attention and persist at simple, routine tasks in two-hour segments and could sustain effort across the workday and workweek with appropriate work breaks. R. at 22, 103. The ALJ found that this opinion was generally consistent with evidence that Plaintiff's attention and concentration were normal. R. at 22, 979. Thus, the ALJ considered Plaintiff's limitation in concentrating persisting, or maintaining pace and explained

11

why he limited Plaintiff to simple, routine, and repetitive tasks, with frequent interaction with supervisors, co-workers, and the general public. *See Jones v. Saul*, No. CV 0:19-1069-PJG, 2020 WL 1149723, at *6 (D.S.C. Mar. 10, 2020) ("Here, in formulating [the claimant's RFC], the ALJ observed that during visits in 2015, [the claimant's] concentration and memory were found adequate, and the ALJ gave significant weight to [the treating psychiatrist's] finding that [the claimant] could complete basic activities of daily living; relate to others; and complete simple, routine tasks without difficulty.  Thus, unlike in *Mascio*, the ALJ considered [the claimant's] limitations in this area in formulating her [RFC] and explained why she limited [the claimant] to simple repetitive tasks with only occasional interaction with the general public and coworkers.  Accordingly, [the claimant] has failed to demonstrate that the ALJ's findings and mental limitations are not sufficiently explained or unsupported by substantial evidence."); *accord Michael F. v. Saul*, Civil Case No. TJS-19-775, 2020 WL 1074572, at *3 (D. Md. Mar. 5, 2020) ("The ALJ complied with *Mascio* by explaining why a limitation to 'unskilled, routine, and repetitive tasks involving only simple work-related decisions' was sufficient to accommodate [the claimant's] moderate limitations in concentration, persistence, and pace."); *Jolanda J. v. Saul*, Civil No. TJS-18-3769, 2020 WL 1060452, at *3 (D. Md. Mar. 5, 2020).

Plaintiff thus argues to no avail that "the ALJ's assessment of [her] moderate limitations with this function does not reveal why the ALJ found [her] to suffer moderate limitations in concentration, persistence or pace, or what those specific difficulties entail" (Pl.'s Mem. Supp. Mot. Summ. J. 15, ECF No. 15-2).  *See Howard v. Saul*, No. 3:19-CV-00531-KDB, 2020 WL 2199629, at *5 (W.D.N.C. May 6, 2020) ("Much of [the claimant's] argument focuses only on the ALJ's discussion of the 'paragraph B criteria,' where the ALJ first found that [the claimant] had moderate limitation in the ability to maintain concentration, persistence, or pace.  However,

[the claimant] fails to address the ALJ's lengthier discussion of the medical evidence at step four where he explained his RFC determination.  Even in his discussion of the 'paragraph B criteria,' the ALJ refers to evidence explained later in his opinion.  The Court 'must read the ALJ's decision as a whole,' and findings in one step can support findings in other steps of the analysis.  Thus, when looking to see whether the ALJ properly explained the RFC, the Court is not limited to looking only at the ALJ's discussion of the 'paragraph B criteria' during step three of his analysis." (citations omitted)).

> In sum, the ALJ addressed [Plaintiff's] moderate limitations in concentration, persistence, or pace and properly explained why the medical evidence supported an RFC that limited [Plaintiff] to simple, routine tasks.  The ALJ referenced the various medical records that showed there was no need for a limitation in concentration, persistence, or pace and that [Plaintiff] was capable of performing simple, routine tasks.  His explanation is supported by the record.  Accordingly, this Court holds that the ALJ's findings and mental limitations included in the RFC are sufficiently explained as required under *Mascio*.

*Id.*  Because substantial evidence supports the decision of the ALJ, who applied the correct legal standards here, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

## V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 19) is **GRANTED**.  Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**.  The Commissioner's final decision is **AFFIRMED**.  A separate order will issue.

Date: May 14, 2020

/s/
Thomas M. DiGirolamo
United States Magistrate Judge